[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-14109

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAMIEN DESHAUN DENNIS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00011-TJC-JBT-1

————————————

Before JILL PRYOR, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

This case is before us on the government's motion to dismiss Damien Dennis's direct appeal based on the sentence appeal waiver within his plea agreement. Upon review of the record, we grant the government's motion.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

In February 2022, a federal grand jury indicted Dennis on two counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 1 and 2), two counts of falsely representing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (Counts 3 and 4), and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5 and 6). Shortly thereafter, he entered into a written plea agreement with the government in which he agreed to plead guilty to Counts 1 and 5 in exchange for the government dismissing the remaining counts. In the agreement, the government stated that it intended to move for an upward variance at sentencing. Dennis agreed that, should the court accept the recommendation, he could not withdraw his plea.

The agreement included a section entitled "Defendant's Waiver of Right to Appeal Sentence," which explained that, upon entering the plea agreement, Dennis waived his right to appeal his sentence "on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to

the United States Sentencing Guidelines."  Dennis reserved the right to appeal on "(a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment."  (emphasis in original).  Additionally, the agreement provided an exception if "the government exercise[d] its right to appeal the sentence imposed."  Dennis initialed each page and signed the final page.

As part of the plea agreement, Dennis signed a statement which detailed the facts supporting the agreement.  He also signed a form consenting to the magistrate judge conducting his plea hearing.

At his change-of-plea hearing, the magistrate judge placed Dennis under oath and advised him that the government could use any false statement by him in a perjury prosecution.  The magistrate judge advised Dennis of his right to have the district court take his plea, and Dennis again consented to having the magistrate judge take his plea.  Dennis testified that his highest level of education was the eleventh grade, and that he spoke, read, and understood English.  He stated that he had not taken any medication or intoxicants that would affect his ability to understand the proceedings and, while he had been treated for paranoid schizophrenia from 2015 through 2017, he was not currently suffering from any mental or emotional disease.  Dennis's attorney indicated that he had no concerns regarding Dennis's competency to enter a plea.

The magistrate judge advised Dennis of the trial rights he would be waving by pleading guilty, including the ability to potentially challenge on appeal any rulings the court made in his case. The magistrate judge also advised that Dennis could lose certain civil rights by pleading guilty, such as his right to vote, hold public office, serve on juries, and own and possess firearms and ammunition. Dennis confirmed that he understood the waivers he was making and the potential consequences of entering the plea.

Regarding sentencing, the magistrate judge advised Dennis that the district court would calculate the applicable sentencing guideline range and consider several sentencing factors to determine a reasonable sentence. The magistrate judge noted that, while the guideline range and any recommended sentence by the government would not bind the district court, the statutory minimums and maximums would. Dennis confirmed that he understood the terms of the plea agreement and had discussed them with his attorney, and that he understood he would be bound by his plea, even if the sentence was higher than he expected.

Dennis confirmed that he had received, read, and reviewed the indictment with his attorney. The magistrate judge outlined the charges Dennis was pleading guilty to and the elements the government would have to prove as to both counts. Dennis confirmed that he understood the charges and their elements and did not have any questions.

The magistrate judge also advised Dennis that he faced several penalties by pleading guilty, including a maximum prison

sentence of 30 years as to Count 1, followed by no more than 5 years' supervised release. The magistrate judge further noted that Count 5 carried a mandatory minimum two-year sentence, to run consecutively with any other term of imprisonment, followed by a maximum of one year of supervised release. The magistrate judge stated that the cumulative maximum penalties for both counts were 32 years' imprisonment, a $1,250,000 fine, a 5-year term of supervised release, and a $200 special assessment. The parties agreed that the magistrate judge accurately stated the maximum and minimum penalties, and Dennis stated that he understood, had discussed these penalties with his attorney, and did not have any questions.

Regarding the plea agreement, Dennis confirmed that he had read it, discussed it with his attorney, signed it, and understood it. The magistrate judge advised Dennis that the government agreed to dismiss the remaining counts in the indictment, but that the district court could consider relevant evidence giving rise to those charges in computing his guideline range. The magistrate judge further advised Dennis that the agreement indicated that the government would seek an upward variance, but that the district court would not be bound by that request. The magistrate judge also advised Dennis that the plea agreement contained a sentence appeal waiver, which would waive his right to appeal his sentence except in four specific circumstances: (1) the sentence exceeded his guideline range as calculated by the court; (2) the sentence exceeded the statutory maximum; (3) the sentence violated the

Eighth Amendment; or (4) the government appealed the sentence. Dennis stated that he understood.

Dennis pled guilty to Counts 1 and 5, stated that he understood the factual proffer, and admitted that the facts were true. Thus, the magistrate judge found that sufficient facts supported the guilty plea. Dennis stated that he had not received any promises or assurances not reflected in the plea agreement, he was satisfied with his attorney's representation, and he was not forced, threatened, coerced, or intimidated into pleading guilty. The magistrate judge found that Dennis's decision to plead guilty was made knowingly, freely, intelligently, and voluntarily, and stated that it would recommend that the district court accept his plea. The magistrate judge later issued a report and recommendation ("R&R") recommending the district court accept Dennis's guilty plea, and Dennis was advised that he had fourteen days to object to the R&R. The district court ultimately accepted the guilty plea.

Dennis's presentence investigation report ("PSI") calculated his base offense level as 7 under U.S.S.G. § 2B1.1(a)(1), and added 4 levels under U.S.S.G. § 2B1.1(b)(1)(C) because the loss was $20,000, added 2 levels under § 2B1.1(b)(11)(B) because the offense involved a counterfeit driver's license, and then subtracted 2 levels for acceptance of responsibility under § 3E1.1(a), resulting in a total offense level of 11. The PSI calculated his criminal history category at V, which, combined with a total offense level of 11, resulted in a guideline sentencing range of 24 to 30 months' imprisonment for Count 1 and a consecutive term of imprisonment of 24 months for

Count 5. The PSI stated that the statutory maximum term of imprisonment for Count 1 was 30 years and a consecutive term of 2 years' imprisonment for Count 5.

At sentencing, the district court asked Dennis if he had objections to the PSI, and Dennis noted that his prior objections had been resolved. The district court then adopted the PSI guideline calculations. Next, the government addressed the court, arguing for an upward variance due to Dennis's extensive criminal history, high potential of recidivism, the seriousness of his offense, and the need for deterrence. The government requested the district court impose a 12-year total sentence. Dennis opposed the government's arguments and requested a within guideline sentence.

The district court granted the government's motion for an upward variance based on the 18 U.S.C. § 3553(a) factors and sentenced him to: (1) a 120-month term for Count 1 to run consecutively with a 24-month term for Count 5; (2) a 5-year term of supervised release for Count 1 to run concurrently with a 1-year term for Count 5; (3) $20,000 in restitution; and (4) $200 in special assessments. The court stated that, "[i]n addition to the standard conditions," it was imposing the following conditions of supervised release: (1) participation in a substance abuse program; (2) participation in a mental health treatment program; (3) that he would "be subject to a search condition"; (4) prohibition from incurring new credit or obligating himself to major purchases without approval; and (5) that he would have to provide financial information to the probation officer upon request. The court further required Dennis

to submit to DNA collection and periodic drug testing. The district court asked if either party objected to the sentence, and neither party objected. The court noted that Dennis had fourteen days to appeal and that he was entitled to counsel.

The district court entered judgment reflecting its sentence, including the five additional conditions of supervised release that the court pronounced at sentencing. The judgment also listed thirteen "standard" conditions of supervised release.

After Dennis filed his notice of appeal, his counsel filed a motion to withdraw, and Dennis was appointed new counsel on appeal. Appointed counsel filed an *Anders*[1] motion and brief, asserting that there were no non-frivolous issues for appeal. A panel of this Court denied the *Anders* motion and ordered merits briefing as to whether the district court erroneously failed to pronounce the standard conditions of supervised release at Dennis's sentencing hearing. Now, the government moves to dismiss Dennis's appeal due to the appeal waiver in his plea agreement.

## II.    ANALYSIS

We do not review issues a party fails to raise in their initial brief. *United States v. Sperrazza*, 804 F.3d 1113, 1125 (11th Cir. 2015). We review *de novo* a sentence appeal waiver's validity. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver is enforceable if it was made knowingly and voluntarily. *Id.* To establish that the waiver was made knowingly and voluntarily,

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

the government must show either that: "(1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." *Id.* (citing *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).

"[T]he touchstone for assessing" whether a defendant entered a waiver knowingly and voluntarily is whether the district court "clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (brackets and emphasis omitted) (quoting *Bushert*, 997 F.2d at 1352-53). An appeal waiver may waive "the right to appeal difficult or debatable legal issues or even blatant error." *Id.* at 1191 n.5 (internal quotation marks omitted). Further, even "a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver." *United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006).

However, a sentence appeal waiver does not completely bar appellate review because review may be available despite a valid appeal waiver when the defendant was "sentenced entirely at the whim of the district court," above the statutory maximum, or based on a constitutionally impermissible factor. *Johnson*, 541 F.3d at 1068 (internal quotation marks omitted). We have also noted that extreme circumstances, "for instance, if the district court had sentenced [the defendant] to a public flogging," may implicate due process and require that the defendant be allowed to appeal despite

a valid appeal waiver. *Id.* (internal quotation marks omitted). Nevertheless, a defendant is "free to bargain away his right to raise constitutional issues" on appeal. *Bascomb*, 451 F.3d at 1297.

Dennis argues that the district court violated his Fifth Amendment right to due process by failing to inform him at his sentencing hearing that he would also be subjected to thirteen "standard" conditions of supervised release, and by failing to make an individualized assessment as to whether those conditions were necessary. Notably, he does not argue that his sentence exceeded the guideline range as calculated by the court, exceeded the statutory maximum, or violated the Eighth Amendment. In response, the government contends that, in his plea agreement, Dennis waived the right to raise this argument on appeal.

We grant the government's motion to dismiss. The record shows that Dennis knowingly and voluntarily entered into the appeal waiver contained within his plea agreement, and none of his arguments fall within the narrow exceptions that would allow him to appeal. The magistrate judge, with Dennis's consent, accepted the guilty plea and thoroughly explained to Dennis the consequences of entering the plea, including the appeal waiver. Dennis's responses clearly indicated that he understood the appeal wavier and intended to enter into the plea agreement. *Johnson*, 541 F.3d at 1066; *Boyd*, 975 F.3d at 1192. Although Dennis arguably preserved the right to appeal his sentence as being above the guideline rage calculated in the PSI, he does not raise that issue in his appeal, and

we will not consider it *sua sponte*.  *Sperrazza*, 804 F.3d at 1125.  As such, Dennis's appeal waiver is valid and enforceable.

### III.    CONCLUSION

For the reasons set forth above, we **GRANT** the government's motion to dismiss Dennis's appeal.